## FRONHOFF v. FRONHOFF.  (No. 2639.)

(Court of Civil Appeals of Texas. Texarkana
Nov. 22, 1922. Rehearing Denied
Dec. 7, 1922.)

**1. Partnership ⬦⇒329—In action for division of assets, finding as to execution of undelivered bill of sale by plaintiff of his share to defendant, held not to entitle defendant to a verdict.**

In one partner's action against another for division of partnership assets, defended on the ground that the partnership had been previously dissolved and that plaintiff had sold his interest therein to defendant by bill of sale, the mere finding that the bill of sale was executed to defraud plaintiff's creditors did not entitle defendant to a verdict on the whole case, where plaintiff claimed that the bill of sale was not delivered and that the partnership had not been dissolved and the bill of sale did not on its face purport to effect a dissolution of the partnership.

**2. Partnership ⬦⇒264—Conveyance of partnership property by one partner to another does not necessarily dissolve partnership.**

A simple conveyance of the partnership property by one partner to another does not necessarily dissolve the partnership so as to deprive the conveying partner of a right to the future profits, but will operate as a dissolution only when it is clear that the parties contemplated and intended the entire withdrawal from the partnership of such partner and the termination of the partnership as between themselves.

**3. Partnership ⬦⇒329—In action for division of assets, instruction submitting question of previous sale of plaintiff's interest to defendant held not objectionable.**

In one partner's action against another for a division of the partnership assets, defended on the ground that the partnership had been previously dissolved and that plaintiff had sold his interest in the assets to defendant, instruction submitting the issue *held* not open to objection that it placed on defendant the burden of showing that the bill of sale was for a valuable consideration, in view of other portion of the main charge on the burden of proof.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Suit by B. Fronhoff against H. Fronhoff. Judgment for plaintiff, and defendant appeals. Affirmed.

W. W. Arnold and Sid Crumpton, both of Texarkana, for appellant.

Wheeler & Robison, of Texarkana, for appellee.

LEVY, J.  The suit was brought by the appellee for a division of money and other personalty alleged to be assets accumulated and belonging to the partnership formed in the year 1906, and still existing, between appellee and the appellant. The petition alleged that the appellant is denying that the appellee has any interest in the property.

The appellant answered by general denial, and specially pleaded a conveyance to him by appellee on January 24, 1906, of a one-half undivided interest of the appellee's interest in all the personalty of the partnership used in the work, and a conveyance on June 8, 1911, for a valuable consideration, of the balance of the appellee's interest in the partnership property; and that at the time of the conveyance of June 8, 1911, there was a dissolution and settlement of the partnership previously existing.

The appellee, by supplemental petition, denied that the instrument of June 8, 1911, was executed for a valuable consideration, and denied that it was delivered or intended to be delivered to appellant.

The case was submitted to a jury on a general charge, and the verdict was in favor of the appellee. On the verdict of the jury a judgment was entered adjudging that the plaintiff was entitled to a one-half interest in the money and other personalty in suit.

The first assignment of error is based on the refusal of the court to give a peremptory instruction to return a verdict for the defendant. In view of the evidence, it is concluded that there was an issue of fact presented for the decision of the jury. The plaintiff positively testified that there had been no dissolution of the partnership, but that it existed from 1906 to date of suit; and there are circumstances going to support plaintiff's evidence. If there had not been a dissolution of the partnership, then the assets on hand were partnership assets, subject to division.

[1] The second assigned error is based on the refusal to give a special charge to the effect that the defendant was entitled to a verdict upon the finding by the jury that the bill of sale of June 8, 1911, "was without consideration and was made by the plaintiff for a subterfuge in order to defeat debts owing by the plaintiff." It was not error to refuse the charge, it is concluded. The defendant was not entitled to a verdict, on the whole case, upon the bare finding that the instrument was executed in fraud of creditors. The instrument may have been executed for that purpose; but if it was not delivered, as appellee contends, then it was of no legal effect. And the bill of sale does not on its face purport to effect a dissolution of the partnership, but only a conveyance of specific interest in particular property. Unless there was a dissolution of the partnership on June 8, 1911—and appellee testified there was not—the partnership would continue, and each partner would be entitled to his part of the partnership profits and future acquired assets.

The third assigned error it is thought should be overruled.

[2] The fourth assignment of error. is based upon a special charge authorizing a verdict for the defendant upon the finding by the jury:

"That the plaintiff executed the bill of sale of June 8, 1911, and that he had previously received a valuable consideration therefor, and delivered the same to the defendant."

It is concluded that the charge was not erroneous, because the defendant was not entitled to a general verdict in his favor on the whole case as the special charge required, unless at the date of the bill of sale there was in fact a mutual dissolution of the partnership between the two. The bill of sale does not on its face purport to dissolve the partnership, and the appellee testifies that it was not dissolved. A simple conveyance of the partnership property by one partner to another does not necessarily dissolve the partnership so as to deprive the conveying partner of a right to the future profits. It will operate as dissolution only when it is clear that the parties contemplated and intended the entire withdrawal from the partnership of such partner and the termination of the partnership as between themselves. The special charge did not go to the extent after reciting what it did, of further having the jury determine whether or not there was intended to be a termination of the partnership by the transaction of June 8, 1911.

[3] The fifth assignment predicates error upon the second paragraph of the court's charge, authorizing a verdict for the appellant upon the finding by the jury:

"That on June 8, 1911, the plaintiff, for a valuable consideration paid by the defendant, sold to the defendant his said one-half undivided interest in and to said business, and, as a conveyance thereof, executed and delivered to defendant his certain bill of sale thereof, and if you believe said bill of sale was in good faith intended to convey, and did convey, to defendant the said one-half interest in said business theretofore owned by plaintiff, and that said partnership was not revived by plaintiff and defendant thereafter."

The exceptions made to the charge were that: (1) "It places upon the defendant the burden of showing that the bill of sale was for a valuable consideration," and (2) "to that portion that says, 'and that said partnership was not revived by plaintiff and defendant thereafter,' because there is no proof of a revival of the partnership." In view of a further portion of the main charge on "the burden of proof," the first exception to the charge is not tenable. And, it is concluded, the next exception does not constitute error in requiring a finding that "the said partnership was not revived" or continued "by plaintiff and defendant thereafter." Even though the bill of sale of June 8, 1911, purports to transfer all of the partnership assets to appellant, yet such transfer, if valid, would not work a dissolution of the partnership if the parties thereto did not contemplate and intend a dissolution of the partnership between themselves.

The writer thinks that the appellant was entitled to have the issue submitted affirmatively and without the qualification placed thereon as complained of in the fifth assignment. The transfer of the entire interest in all the assets by one partner to his copartner may effect a dissolution of the partnership where the parties contemplated and intended the entire withdrawal of such partner from the partnership and the termination of the partnership. The appellant testified that was the purpose of the transfer, and the court was submitting that issue. The charge was correct and applicable to the issue, except for the last clause complained of. There is no pretense of any evidence that the partnership was, after the date of the bill of sale to the property, "revived," or a new partnership commenced after that date.

The judgment is affirmed.