### FRONHOFF v. FRONHOFF.
#### (No. 447–3941.)

(Commission of Appeals of Texas, Section B. April 2, 1924.)

1. **Partnership ⬅329—Peremptory instruction for defendant in suit for division of assets held properly refused.**

Where, in a suit by one partner against his copartner for a division of partnership assets, there was much evidence that the partnership had not been dissolved as alleged by defendant as a defense, a peremptory instruction for defendant was properly refused.

2. **Partnership ⬅226—Bill of sale does not become effective until delivery.**

A partner's bill of sale to his copartner of former's interest in the partnership could not be effective until a delivery, irrespective of the fraudulent purpose of the partner in executing such instrument.

3. **Partnership ⬅329—General charge held erroneously to place on defendant partner burden of proof that bill of sale for his interest was executed for valuable consideration and that partnership was not revived.**

In partner's suit for a division of partnership assets, defended on the ground that partnership had been dissolved, and that plaintiff had sold his interest as evidenced by bill of sale, in which plaintiff denied the bill of sale was delivered or executed for a valuable consideration, court's general charge *held* erroneously to place. on defendant the burden of proving a valuable consideration and disproving a subsequent revival of the partnership,

the effect of which was not rendered harmless by another paragraph of the general charge, which in a general way placed the burden of proof upon plaintiff to establish his right to recover by a preponderance of the evidence.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by B. Fronhoff against H. Fronhoff. Judgment for plaintiff was on defendant's appeal affirmed by the Court of Civil Appeals (245 S. W. 737), and defendant brings error. Judgments reversed, and cause remanded for new trial.

W. W. Arnold and Sid Crumpton, both of Texarkana, for plaintiff in error.

P. P. Bacon and Wheeler & Robison, all of Texarkana, for defendant in error.

POWELL, P. J. The nature and result of this case are well stated by the Court of Civil Appeals as follows:

"The suit was brought by the appellee for a division of money and other personalty alleged to be assets accumulated and belonging to the partnership formed in the year 1906, and still existing, between appellee and the appellant. The petition alleged that the appellant is denying that the appellee has any interest in the property.

"The appellant answered by general denial, and specially pleaded a conveyance to him by appellee on January 24, 1906, of a one-half undivided interest of the appellee's interest in all the personalty of the partnership used in the work, and a conveyance on June 8, 1911, for a valuable consideration, of the balance of the appellee's interest in the partnership property; and that at the time of the conveyance of June 8, 1911, there was a dissolution and settlement of the partnership previously existing.

"The appellee by supplemental petition denied that the instrument of June 8, 1911, was executed for a valuable consideration, and denied that it was delivered or intended to be delivered to appellant.

"The case was submitted to a jury on a general charge, and the verdict was in favor of the appellee. On the verdict of the jury a judgment was entered adjudging that the plaintiff was entitled to a one-half interest in the money and other personalty in suit."

The judgment of the district court was affirmed by the Court of Civil Appeals. See 245 S. W. 737.

The application contains but three assignments of error, which we shall now consider.

[1] The first assignment complains of the action of the trial court in refusing special charge No. 1, requested by plaintiff in error. Said special charge reads as follows:

"You are instructed in this case that the plaintiff must make out his case by a preponderance of the testimony, and this he has failed to do. You are therefore charged to return a verdict for the defendant, H. Fronhoff."

The Court of Civil Appeals correctly held that this was a case for the jury. The record contains much evidence that the partnership was never dissolved. The peremptory instruction would have been an erroneous charge.

[2] The second assignment in the application complains of the refusal of the trial court to give special charge No. 2, requested by plaintiff in error, which read as follows:

"You are instructed in reference to the execution of the second bill of sale, that is, the one dated June 8, 1911, that if you should believe by a preponderance of the testimony that the same was without consideration, and was made by the plaintiff for a subterfuge, in order to defeat debts owing by the plaintiff, you are then instructed to find for the defendant, and so write your verdict."

The Court of Civil Appeals correctly held that the giving of this charge would have been erroneous. It matters not what may have been the purpose of the party in writing up a bill of sale, it cannot become effective until delivery has been made. There is much evidence in the record that this last bill of sale was never delivered. Certainly, then, the special charge was erroneous when it did not provide that delivery was essential to the effectiveness of this bill of sale. A man might write an instrument with an unworthy or illegal purpose or motive. He might later repent before delivering it. It cannot become effective, in any event, until delivery has been made. Therefore, as stated, the special charge now under consideration should certainly not have been given.

[3] The third assignment in the application is as follows:

"The court erred in paragraph No. 2 in his general charge to the jury in placing the burden of proof upon the defendant to show that the bill of sale of date June 8, 1911, was for a valuable consideration and also in placing upon the defendant the burden of proof to show that the partnership was not revived."

Under this assignment two propositions are submitted as follows:

"(1) He who seeks to avoid an instrument that he has executed, in which it shows upon its face that he received value, conveying personal or real property, the burden is upon the party seeking to rescind the contract to show that the same was without consideration."

"(2) As a matter of law, the burden is upon the plaintiff to make out his case by a preponderance of the testimony and in the face of an instrument of writing showing a termination of partnership relations, if there be a revival of such relations thereafter, the burden of proof to establish such revival rests upon the party claiming it."

Paragraph 2 of the court's general charge complained of herein reads as follows:

"On the other hand, if you believe that prior to the 8th day of June, A. D. 1911, plaintiff and defendant were equal partners in the business of road construction work, dirt work, gravel hauling, etc., and that on said date, to wit, June 8, 1911, the plaintiff, for a valuable consideration paid by defendant, sold to the defendant his said one-half undivided interest in and to said business, and, as a conveyance thereof, executed and delivered to defendant his certain bill of sale thereof, and if you believe said bill of sale was in good faith intended to convey and did convey to defendant the said one-half interest in said business theretofore owned by plaintiff, and that said partnership was not revived by plaintiff and defendant thereafter, then you will find for defendant."

This assignment and the propositions thereunder were treated by the Court of Civil Appeals as the fifth assignment before that court. It was the last assignment it considered.

Upon this assignment and the propositions thereunder the Court of Civil Appeals divided. Judge Levy, although writing the opinion of the court, noted his disagreement in this connection.

Upon mature consideration we have concluded that this paragraph of the court's general charge is erroneous in the respects assigned. This paragraph was an undertaking by the trial court to present to the jury the theory of plaintiff in error. The charge in its wording in effect placed the burden of proof upon him, as he contends. In doing so it was erroneous. The court should have corrected this paragraph of the general charge so as to conform to these objections specifically and seasonably brought to his attention.

We cannot agree that the error in the general charge aforesaid was rendered harmless by another paragraph of the general charge which, in a general way, placed the burden of proof upon the defendant in error to establish his right to recover by a preponderance of the evidence.

Because of this error in the general charge, we recommend that the judgments of the district court and the Court of Civil Appeals be reversed, and the cause remanded to the former for a new trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.